IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD M. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1332 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                December 20, 2007

   Upon consideration of the brief in support of review filed by plaintiff,[1] defendant's response, and plaintiff's reply thereto (Doc. Nos. 8, 9 & 10), the court makes the following findings and conclusions:

   1. On June 22, 2005, Howard M. Smith ("Smith") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of September 1, 2002. (Tr. 38-40; 158-60). Smith's last date insured was March 31, 2004. (Tr. 13 ¶ 4).[2] Throughout the administrative process, including an administrative hearing held on May 24, 2006 before an ALJ, Smith's claims were denied. (Tr. 4-6; 11-20; 26-30; 161-65; 166-84). Pursuant to 42 U.S.C. § 405(g), Smith filed his complaint in this court on April 5, 2007.

   2. In her decision, the ALJ found that Smith had severe impairments consisting of degenerative disc disease in the lumbar spine, neck and bilateral shoulder (left more than right), status post 1997 injury, and depression. (Tr. 15 Finding 3; 15 ¶ 9; 16 ¶ 1). The ALJ further concluded that Smith's impairments did not meet or equal a listing and that he had the RFC to perform a range of medium or light work with, *inter alia*, only occasional bending, stooping, crawling, climbing, crouching, balancing, and reaching above shoulder level. (Tr. 16 Finding 4; 16 ¶¶ 3-7; 17 Finding 5; 181-82). The ALJ further found that there were jobs existing in significant numbers in the national economy that Smith could perform and that he was not disabled. (Tr. 19 Findings 10 & 11; 19 ¶ 3).

   3. The Court has plenary review of legal issues, but reviews the ALJ's factual

---

[1] Smith filed his brief as "plaintiff's brief and statement of issues in support of request for review *and* motion for summary judgment." (Doc. No. 8) (emphasis added). Because the applicable procedural order no longer contemplates motions for summary judgment, I will simply consider Smith's submission to be a brief in support of review. See (Doc. No. 5).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Smith alleges that: (1) the ALJ erred in finding that he had the RFC to perform medium work; and (2) that the ALJ failed to rectify an apparent conflict between the VE's testimony and job information contained in the DOT pursuant to S.S.R. 00-4p. I find that the ALJ's conclusion that Smith was capable of performing a limited range of medium work is supported by substantial evidence. In reaching her conclusion, the ALJ properly relied on, *inter alia*, the findings of the state agency physician that Smith could perform the full range of medium work, the conservative treatment he received for his physical impairments, the limited treatment he received for his depression, Smith's reported activities of daily living, MRI and X-ray reports showing mild to moderate findings, the fact that Smith did not start to complain of back, shoulder, neck and leg pain until September 10, 2003; and the general lack of any intensive or extensive treatment. (Tr. 15 ¶ 9; 16 ¶ 1; 17 ¶ 3 - 18 ¶ 3; 75-86; 92; 93-108; 110-120). Such evidence is substantial.

    Nevertheless, this case must be remanded due to the apparent unresolved conflict between the testimony of the VE that Smith could perform the job of "cleaner, industrial" and the description for that job in the DOT.[3] The only medium work listed by the VE in response to the ALJ's hypothetical was that of industrial cleaner. (Tr. 182). As noted by Smith, "cleaner, industrial" listed at 381.687-018 in the DOT requires, *inter alia*, frequent stooping, crouching, and reaching. This requirement is in direct contradiction to the ALJ's RFC and hypothetical limiting Smith to only occasional postural activities such as these. (Tr. 17 Finding 5; 181-82). The ALJ neither asked the VE whether there were any conflicts between his testimony and the DOT nor elicited a reasonable explanation for this particular conflict as required under S.S.R. 00-4p. A violation of S.S.R. 00-4p will not necessarily demand that a case be remanded. See Rutherford v. Barnhart, 399 F.3d 546, 557 (3d Cir. 2005). However, in this case, because only one medium job was identified by the VE, and it conflicts with the VE's testimony that it would be appropriate for someone with Smith's RFC, it is impossible to determine whether Smith's occupational base has been so eroded that there are not significant numbers of medium duty jobs available for him to perform. Defendant's only response is that there is another medium duty job, that of "sweeper-cleaner, industrial" at 389.683-010 in the

---

[3] The VE also found that Smith could perform certain light work. (Tr. 182). However, because Smith is a person of advanced age (at least for his SSI claim), if he were limited to light work he would be disabled under Rule 202.06 of the Grids. Thus, I will only discuss Smith's ability to perform the one medium job offered up by the VE.

DOT which requires only occasional to no postural functioning (although it still requires frequent reaching). This job title was not mentioned by the VE. It is possible that, in referring to "industrial cleaners", the VE was contemplating a larger class of jobs than simply "cleaner, industrial" which would include "sweeper-cleaner, industrial." (Tr. 182). However, there is no actual evidence to support this concept and I am prohibited from creating my own *post-hoc* rationalization for this portion of the ALJ's step five conclusion. See Sykes v. Apfel, 228 F.3d 259, 271 (3d Cir. 2000). It is exactly this type of apparent conflict which S.S.R. 00-4p was meant to address and which should have been asked about and considered at the hearing level.

     5.    As a result, the case must be remanded in order for the ALJ to determine whether there is medium work available in significant numbers which is consistent with Smith's RFC.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD M. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1332 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 20th day of December, 2007, upon consideration of the brief in support of review filed by plaintiff, defendant's response, and plaintiff's reply thereto (Doc. Nos. 8, 9, & 10) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

      S/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.